TAYLOR, Chief-Justice,
delivered the Opinion of the Court:—
The question arises on the following devise and bequest of Hardy Witherington:
*83 “I give and bequeath all my moveable estate, excepting “Negroes, of every kind, first to my loving wife, Arcadia “Witherington, till such time as my youngest daughter “comes to be of the age of twenty-one years, and then to be “divided equally among my loving wife and daughters, "Arcadia Witherington, Ann Witherington, Jane "Witherington, Mary Witherington and Lucy Witherington, to them “and theirs and assigns forever. And my will is that my “Executors hire all my said Negroes yearly, till such time “as my youngest daughter comes of the age of twenty-one “years; and the money arising from said hire, I give to my “wife Arcadia Witherington, to her and her heirs and assigns “forever. And my will is, that at such time as my youngest “daughter comes to be of the age of twenty-one years, all “my said Negroes, and their increase be equally divided “among my wife Arcadia Witherington, Ann Witherington, “Mary Witherington, Jane Witherington and Lucy "Witherington, to them, their heirs and assigns forever.”
Now the facts in this case are, that Jane Witherington, the complainant’s wife, died before Lucy, the youngest daughter mentioned in the testator’s will, arrived to the age of twenty-one years: Ann Witherington died before the death of the complainant’s wife, and before Lucy, the said youngest daughter arrived at the age of 21 years.
The substance of the bequests contained in this will are, that all the testator’s personal property should be divided amongst his wife and daughters, when the youngest of the latter attained the age of twenty-one years. But, in the mean time, he gives to his wife all his moveable property, except his Negroes, which he directs his Executors to hire out yearly, and to pay the money arising from their hire to his wife. To give the hire of the Negroes to his wife till that period, is to give her all the beneficial interest in them, and, will warrant the same construction upon the whole will as if the exception had not been introduced. In principle, then, *84 the case cannot be distinguished from the case of Contel v. Palmer, (2 Equ. Cas. abr. pl. 27) where I. S. bequeathed his personal estate to his wife for life, and gave several particular legacies after her death, and then declared that the residue, at her decease, and after the legacies paid, should be divided between his relations, A, B, C and D. A and B died in the life time of the wife, and after her decease the administrators of A and B had a decree for their shares; for by the Chancellor, the time of payment is future, but the right to the legacies vested upon the death of the testator.
The general rule resorted to in cases of legacies, charged upon personalty, is, that if the legatee die before the day of payment, his representatives become entitled to the legacy, unless the will shews a manifest intention to the contrary; and the Courts proceed upon an established distinction between a gift of a legacy to a man, at, or if, or when, he attains 21, and a legacy payable to a man, at or when he attains 21. In the first case, the attaining 21 is held to be as much applicable to the substance as to the payment of the legacy, and therefore the legacy lapses by the death of the legatee before the time. In the last case, the attaining 21 refers not to the substance, but to the payment only of the legacy, which therefore, does not lapse by the death of the legatee before the time. In this case, the division of the property amongst the wife and children, is not annexed to the substance of the legacy, but to the period of the youngest daughter arriving to the age of 21 years. This prescribes the time of enjoyment, but the right vested immediately upon the testator’s death. The intermediate interest is given to the wife, doubtless with a view to the benefit of the children as well as herself; and it has been held, that where the intermediate interest is given, either to a stranger, or to the legatee himself, such a case forms an exception to the distinction which has been stated, because it explains the reason why the time of payment or division, as in this case, was postponed, and is perfectly con *85 sistent with an intention in the testator that the legacy should immediately vest.
Drew for the Plaintiff—Murfree for the Defendant.
The consequence of a different construction would be, that if any of the daughters died leaving children, before the youngest daughter came of age, those children would be wholly unprovided for; which certainly was not intended by the testator.